IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SHEILA DENIS KENDRICKS,<br>Plaintiff,<br><br>v.<br><br>METHODIST CHILDREN'S HOME and<br>JUDITH BROADWAY and<br>MARK DOZIER,<br>Defendants. | 6:20-cv-1006-ADA |

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS [ECF NO. 62]**

Came on for consideration this date is Plaintiff's Motion for Leave to Proceed in Forma Pauperis. ECF No. 62 (the "Motion"). After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion.

**I. BACKGROUND**

This action arises out of Plaintiff Sheila Kendrick's termination from Defendant Methodist Children's Home ("MCH") on July 27, 2018. ECF No. 1. This is the second case Kendricks has filed in relation to her termination from MCH. No. 6:19-cv-00518-ADA (W.D. Tex.) (hereinafter the "First Action"), ECF No. 1. In the case at hand, Kendricks alleges that MCH, as well as employees Moe Dozier and Judy Broadway, (1) violated the Family and Medical Leave Act ("FMLA") through her termination, (2) defamed her, (3) intentionally inflicted emotional distress, and (4) negligently inflicted emotional distress. ECF No. 1 at 1.

In the First Action filed on September 3, 2019, Kendricks alleged several other claims relating to her termination against MCH, Dozier, Broadway, and two other employees. *See* First Action, ECF No. 1 at 3–4. The Court dismissed the claims against Dozier and Broadway for a failure to state a claim. *See* First Action, ECF No. 36. The Court later adjudicated the claims against

1

MCH on a Motion for Summary Judgment in favor of MCH on April 7, 2021. *See* First Action, ECF No. 113. Kendricks filed this case before the previous case was decided on summary judgement in favor of MCH but after the claims against Dozier and Broadway were dismissed.

On July 29, 2021, U.S. Magistrate Judge Jeffrey C. Manske (the "Magistrate Judge") issued a Report and Recommendation recommending that this Court: dismiss Plaintiff's complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6) pursuant to the doctrine of res judicata with reference to the First Action; and impose a pre-filing injunction on Plaintiff, having found her a vexatious litigant. ECF No. 51. On July 30, 2021, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny Plaintiff's Motion to Amend (ECF No. 15) and Plaintiff's Motion for Leave to Supplement Original Complaint (ECF No. 31). ECF No. 53. This Court adopted those two Reports and Recommendations ("R&Rs") on August 16, 2021. ECF Nos. 55, 56. The next day, Plaintiff filed objections to the R&Rs, ECF No. 57, to which Defendants responded on August 24, 2021, ECF No. 58. On August 26, 2021, Plaintiff filed a motion for reconsideration of the Court's adoption of the R&Rs. ECF No. 59.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1915(a)(1) authorizes a federal court to permit a party to appeal his civil case *in forma pauperis*. Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party who desires to proceed on appeal *in forma pauperis* shall file a motion in the district court together with an affidavit that (1) shows his inability to pay fees and costs, (2) claims an entitlement to redress, and (3) states the issues which the party intends to present on appeal.

Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal in forma pauperis shall be denied if the district court determines the appeal is not taken in good faith, i.e., if the appeal fails to present a non-frivolous issue. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Under Fed. R. App. P. 24(a)(3)(A), Plaintiff is ineligible for in forma pauperis status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 (5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 F. App'x 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 F. App'x 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 F. App'x 954, 955 (5th Cir. 2009) (per curiam).

### III. ANALYSIS

The motion to proceed *in forma pauperis* on appeal is denied because Plaintiff is not proceeding in good faith. Plaintiff's Notice of Appeal identifies several grounds for appeal: (1) Plaintiff did not consent to referral to the Magistrate Judge; (2) the relationship between Defendants' counsel, the Magistrate Judge, and the undersigned resulted in injustice; and (3) this Court's orders in the instant case are based on decisions in the First Action, and this Court lacked personal jurisdiction over Ms. Broadway and Mr. Dozier in the First Action. ECF No. 61. Relatedly, Plaintiff's Motion asserts that (4) the dismissal order in this case is void for being based on decisions in the First Action in which "the Honorable Judge Albright did not have a federal question before him for subject-matter and personal jurisdiction to exist over Broadway and Dozier."

Plaintiff's appeal as to ground (1) is not made in good faith because the Court's referral of this case to the Magistrate Judge did not require Plaintiff's consent. The Court referred this case "for disposition of all non-dispositive pretrial matters as provided in 28 U.S.C. § 636(b)(1)(A) and for findings and recommendations on all case-dispositive motions as provided in 28 U.S.C.

3

§ 636(b)(1)(B)." Standing Order In Re: Court Docket Management for Waco Division (June 28, 2020). A reference under § 636(b)(1) does not require the parties' consent. *See, e.g.*, *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012); *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002). Accordingly, this first ground for appeal is frivolous.

Plaintiff's appeal as to ground (2) is not made in good faith because a judge's friendship with counsel does not, without more, require recusal. *Parrish v. Board of Comm'rs of Ala. State Bar,* 524 F.2d 98 (5th Cir. 1975) (en banc) (fact that judge had acquaintanceship or friendship with some defendants, witnesses, and defense counsel did not require recusal); *see also United States v. Olis,* 571 F. Supp. 2d 777, 786 (S.D. Tex. 2008) ("Judges are not required to recuse under § 144 when facts stated in a supporting affidavit show that they have a casual, professional relationship with an attorney, victim, witness, or litigant appearing before them in court."). Recusal was not necessary here where Plaintiff failed to supply factual allegations sufficient to raise the specter that the complained-of relationships prevent the Court from ruling impartially. Moreover, this ground of appeal is untimely since Plaintiff never moved for the Magistrate Judge or the undersigned to recuse themselves. *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998) (holding that requests for recusal raised for the first time on appeal are generally rejected as untimely).

Plaintiff's appeal as to ground (3) is frivolous at least because Plaintiff has no standing to challenge this Court's jurisdiction over Defendants. *See, e.g.*, *Seven Arts Pictures, Inc. v. Jonesfilm*, No. 09-4814, 2011 U.S. Dist. LEXIS 64370, at *11 (E.D. La. June 17, 2011) (collecting cases). Moreover, those entities with standing, Ms. Broadway and Mr. Dozier, waived any contest to this Court's jurisdiction by failing to challenge it at the motion-to-dismiss stage.

Plaintiff's appeal as to ground (4) is frivolous because the First Action accused Ms. Broadway and Mr. Dozier of violating several federal antidiscrimination statutes, clearly bringing the First Action within this Court's federal-question jurisdiction.

For the foregoing reasons, the Court hereby **CERTIFIES** that any appeal by Plaintiff in this action is not taken in good faith. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **DENIED**. Although the Court has certified that any appeal in this action is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within the time frame prescribed by Fed. R. App. P. 4. *See Baugh v. Taylor*, 117 F. 3d 197. 202 (5th Cir. 1997). Absent a challenge to the certification, Plaintiff must "pay the full filing fee and any relevant costs" to proceed on appeal. *See id.*; *accord Skiba v. Jacobs Ent., Inc.*, 587 F. App'x 136, 138 (5th Cir. 2014) (per curiam) ("When a district court certifies that an appeal is not taken in good faith under § 1915(a)(3) . . . the litigant may either pay the filing fee or challenge the court's certification decision.").

SIGNED this 28th day of October, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE