IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **SHEILA DENIS KENDRICKS,**<br>**Plaintiff,**<br><br>*v.*<br><br>**METHODIST CHILDREN'S HOME and**<br>**JUDITH BROADWAY and**<br>**MARK DOZIER,**<br>**Defendants.** | 6:20-cv-1006-ADA |

### MEMORANDUM OPINION AND ORDER

Came on for consideration this date is Plaintiff's Motion for Reconsideration of ECF Nos. 55 and 56, Orders Adopting Reports and Recommendations. ECF No. 59 (the "Motion"). Methodist Children's Home, Judith Broadway, and Mark Dozier (collectively "Defendants") did not file any response. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion for Reconsideration to the extent it requests reconsideration of this Court's Orders Adopting Reports and Recommendations in view of Plaintiff's untimely objections to the R&Rs.

### I. BACKGROUND

This action arises out of Plaintiff Sheila Kendrick's termination from Defendant Methodist Children's Home ("MCH") on July 27, 2018. ECF No. 1. This is the second case Kendricks has filed in relation to her termination from MCH. No. 6:19-cv-00518-ADA (W.D. Tex.) (hereinafter the "First Action"), ECF No. 1. In the case at hand, Kendricks alleges that MCH, as well as employees Moe Dozier and Judy Broadway, (1) violated the Family and Medical Leave Act ("FMLA") through her termination, (2) defamed her, (3) intentionally inflicted emotional distress, and (4) negligently inflicted emotional distress. ECF No. 1 at 1.

1

In the First Action filed on September 3, 2019, Kendricks alleged several other claims relating to her termination against MCH, Dozier, Broadway, and two other employees. *See* First Action, ECF No. 1 at 3–4. The Court dismissed the claims against Dozier and Broadway for a failure to state a claim. *See* First Action, ECF No. 36. The Court later adjudicated the claims against MCH on a Motion for Summary Judgment in favor of MCH on April 7, 2021. *See* First Action, ECF No. 113. Kendricks filed this case before the previous case was decided on summary judgement in favor of MCH but after the claims against Dozier and Broadway were dismissed.

On July 29, 2021, U.S. Magistrate Judge Jeffrey C. Manske (the "Magistrate Judge") issued a Report and Recommendation recommending that this Court: dismiss Plaintiff's complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6) pursuant to the doctrine of res judicata with reference to the First Action; and impose a pre-filing injunction on Plaintiff, having found her a vexatious litigant. ECF No. 51. On July 30, 2021, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny Plaintiff's Motion to Amend (ECF No. 15) and Plaintiff's Motion for Leave to Supplement Original Complaint (ECF No. 31). ECF No. 53. This Court adopted those two Reports and Recommendations ("R&Rs") on August 16, 2021. ECF Nos. 55, 56. The next day, Plaintiff filed objections to the R&Rs, ECF No. 57, to which Defendants responded on August 24, 2021, ECF No. 58. On August 26, 2021, Plaintiff filed a motion for reconsideration of the Court's adoption of the R&Rs. ECF No. 59. Defendants did not respond to that motion.

## II. LEGAL STANDARD

Plaintiff has sought reconsideration under Federal Rule of Civil Procedure 59(e). ECF No. 59 at 8.[1] A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 U.S. Dist. LEXIS 71033, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 U.S. Dist. LEXIS 71033, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 U.S. Dist. LEXIS 19865, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Plaintiff filed her motion for reconsideration within 28 days of the orders adopting the reports and recommendations of the Magistrate Judge, so the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet,* 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in

---

[1] The Court disregards Plaintiff's request for reconsideration under Rule 59(a), ECF No. 59 at 1. That rule, reserved for motions for a new trial, is irrelevant here where no trial was held.

the controlling law." *Milazzo*, 2012 U.S. Dist. LEXIS 71033, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479). "The alternative, Federal Rule of Civil Procedure 60(b)(6) states, 'On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [...] (6) any other reason that justifies relief." *Id.*

### III. ANALYSIS

Plaintiff asks the Court to reconsider the orders adopting R&Rs. Plaintiff requests that the Court rule on her motion for transfer. ECF No. 59 at 8. And if that motion is denied, Plaintiff requests that "her motion under Rule 59(e) is granted." *Id.*

### A.     Excusable Neglect in Filing Objections to R&Rs

Plaintiff's Motion is not exactly the picture of clarity as to the relief requested. But Plaintiff has definitely requested that this Court consider Plaintiff's untimely objections to the R&Rs. ECF No. 59 at 4. Plaintiff avers that the objections were timely and the Court prematurely adopted the R&Rs. ECF No. 59 at 4. The Court disagrees.

Federal Rule of Civil Procedure 72(b)(2) provides: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Service for the purposes of Rule 72 was complete upon mailing the Report to Plaintiff's last known address. *See* Fed. R. Civ. Pro. 5(b)(2)(C) ("A paper is served under this rule by mailing it to the person's last known address—in which event service is complete upon mailing.") Federal Rule of Civil Procedure 6(d) provides that: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a)."

The Court served Defendants with the R&Rs via mail on July 29 and July 30, 2021. ECF Nos. 51, 53; Fed. R. Civ. Pro. 5(b)(2)(C). Accordingly, Plaintiff's objections were due August 16, 2021. Plaintiff filed her objections August 17, 2021—the day after the Court adopted the R&Rs. Plaintiff's objections were, therefore, untimely by one day.

Plaintiff argues that even if her objections were untimely, she should be permitted an extension for "excusable neglect" due to health issues and any postal delay associated with the pandemic. ECF No. 59 at 4. Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "for good cause," a court may extend a deadline after-the-fact on a showing of "excusable neglect." Excusable neglect is an "elastic concept" and its determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993). Relevant factors to the excusable neglect inquiry include (1) "the danger of prejudice to the non-movant"; (2) "the length of the delay and its potential impact on the judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alterations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010).

The Court finds that, considering the relevant factors, excusable neglect justifies an extension. As to prejudice, Defendants have not shown what prejudice they suffer from this after-the-fact extension. Indeed, Defendants have already filed a substantive response to the objections for which Plaintiff seeks an extension, so they suffer little prejudice by extending Plaintiff's time. As to delay, Plaintiff only delayed ten days in making her after-the-fact request, and already filed

the objections for which she is seeking a one-day extension. As to the reason for delay, Plaintiff complains of health concerns. This Court accepts that "[m]edical problems, suffered by an attorney or his close family, may amount to excusable neglect." *Shepard v. Cleveland Sch. Dist.*, No. 4:17-CV-91-DMB-JMV, 2018 U.S. Dist. LEXIS 206978, at *6 (N.D. Miss. Dec. 7, 2018) (quoting *Crespin v. City of Espanola*, No. CIV 11-0913, 2013 U.S. Dist. LEXIS 73002, 2013 WL 2284958, at *9 (D.N.M. May 10, 2013)); *Bank of N.Y. Mellon v. Riley*, No. 1:19-CV-00279, 2020 U.S. Dist. LEXIS 257684, at *3-4 (E.D. Tex. Dec. 16, 2020) (finding excusable neglect where Plaintiff's counsel misread a calendar because his family was "experiencing serious family health matters"); *Ledet v. Ferraro*, No. A-07-CA-003, 2007 U.S. Dist. LEXIS 105092, 2007 WL 9710296, at *1 (W.D. Tex. Oct. 4, 2007) (accepting response filed three days late due to pro se plaintiff's medical emergency because defendants failed to demonstrate prejudice or that delay was made in bad faith). The Court also finds that the current, well-documented unpredictability of mail delivery may have also contributed to Plaintiff's delay in filing via mail. Finally, as to good faith, Defendants have not asserted that Plaintiff acted in bad faith in filing her objections only a day late. Moreover, Plaintiff's unsolicited August 12, 2021, motion, ECF No. 54, establishes that Plaintiff believed her objections due August 17, 2021 (when she eventually filed them). Plaintiff could have used that motion to seek a proactive extension under the "good cause" standard and the most likely explanation for why Plaintiff now finds herself subject to the much more onerous "excusable neglect" standard is an innocent mistake as to calculation of the filing date.

Because each factor favors a finding of excusable neglect, the Court **GRANTS** Plaintiff's Motion for Reconsideration to the extent it requests reconsideration of the Court's Orders Adopting the R&Rs in view of Plaintiff's day-late objections. The Court further **GRANTS** Plaintiff's application to extend her deadline to object to the R&Rs by one day. The Court will,

therefore, reconsider the R&Rs in view of Plaintiff's objections and Defendants' response to those objections.

**B.     Transfer**

Plaintiff's Motion requests that the Court first rule on her the application made in her objections that this case be transferred out of the Waco division. Yet Plaintiff has not proposed a transferee division or district, or even identified the authority under which Plaintiff seeks transfer. Rather, Plaintiff merely "requests her case be transferred out of this division immediately because of misconduct shown by Magistrate Manske." ECF No. 57 at 8; ECF No. 59 at 8. Because this Court declines to guess at the authority under which Plaintiff moves to transfer (and therefore the relevant facts supporting transfer), the Court **DENIES** Plaintiff's transfer request.

**C.     Objections to R&Rs**

Next, the Court will address the substance of Plaintiff's objections to the R&Rs before the Court. A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

The Court has conducted a *de novo* review of Plaintiff's complaint, Plaintiff's motion to amend and motion for leave to supplement original complaint, the responses, the R&Rs, the objections to the R&Rs, the response to those objections, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

The vast majority of Plaintiff's arguments are outside the scope of the R&R and so the Court declines to address them here. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."). For example, the Court declines to address arguments directed to: Plaintiff's motions at ECF Nos. 13 and 16, *see* ECF No. 57 at 4; the Magistrate Judge staying discovery, *see* ECF No. 59 at 4; ECF No. 57 at 5–6; the propriety of judgments in the First Action, *see* ECF No. 57 at 6–7; and the Magistrate Judge's granting Defendants' motions at ECF Nos. 46 and 47, *see* ECF No. 57 at 5.

The Court will, however, take time to address two arguments outside the scope of the R&Rs. First, Plaintiff argues that the Magistrate Judge "did not have civil jurisdiction to preside over this case" because Plaintiff did not consent to the Magistrate Judge. ECF No. 57 at 2. That argument has no merit. The Court's referral of this case to the Magistrate Judge did not require Plaintiff's consent. The Court referred this case "for disposition of all non-dispositive pretrial matters as provided in 28 U.S.C. § 636(b)(1)(A) and for findings and recommendations on all case-dispositive motions as provided in 28 U.S.C. § 636(b)(1)(B)." Standing Order In Re: Court Docket Management for Waco Division (June 28, 2020). A reference under § 636(b)(1) does not require the parties' consent. *See, e.g.*, *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012); *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir. 2002).

Second, Plaintiff insinuates that an alleged relationship between the Magistrate Judge and Defendants' counsel, John P. Palmer, may be acquainted with one another, has resulted in misconduct. ECF No. 57, Ex. 1 at 1. Yet Plaintiff never moved for the Magistrate Judge to recuse himself. Moreover, even if the Magistrate Judge and Mr. Palmer are friends—which Plaintiff has not shown—a judge's friendship with counsel does not, without more, require recusal. *Parrish v.*

*Board of Comm'rs of Ala. State Bar,* 524 F.2d 98 (5th Cir. 1975) (en banc) (fact that judge had acquaintanceship or friendship with some defendants, witnesses, and defense counsel did not require recusal); *see also United States v. Olis,* 571 F. Supp. 2d 777, 786 (S.D. Tex. 2008) ("Judges are not required to recuse under § 144 when facts stated in a supporting affidavit show that they have a casual, professional relationship with an attorney, victim, witness, or litigant appearing before them in court."). Recusal was not necessary here where Plaintiff failed to supply factual allegations sufficient to raise the specter that the complained-of relationships prevent the Magistrate Judge from ruling impartially.

Plaintiff has, however, made a few arguments within the scope of the R&Rs.

Plaintiff argues that the Magistrate Judge's analysis as to the "operative nucleus of facts" prong of the res judicata analysis lacks sufficient detail. ECF No. 57 at 3. The Court disagrees, finding that the R&R has sufficiently identified how the operative nucleus of facts common to the claims of the First Action and this case is Plaintiff's termination from MCH. *See* ECF No. 51 at 5–6.

Plaintiff further argues that "if MCH was barred as a Defendant in this because of res judicata, Broadway and Dozier are not; and then the Joinder Rule would apply." ECF No. 57 at 3–4 (quoting Fed. R. Civ. P. 19). Plaintiff's argument mistakenly presumes that the R&Rs held that only MCH was barred as a defendant. Rather, the R&Rs held that Plaintiff's claims against MCH *and* Broadway and Dozier are all barred by res judicata. *See* ECF No. 51 at 5. This argument, therefore, fails.

Plaintiff argues that the Magistrate Judge relied on inadmissible and unauthenticated facts to support his dismissal finding. ECF No. 57 at 6–7. Yet the R&R dismissing Plaintiff's complaint relied only on Plaintiff's pleadings in this case and judgments in the First Action to hold that

9

Plaintiff's claims are barred. The Magistrate Judge, therefore, did not base his R&R on unauthenticated facts supplied by Defendants.

Plaintiff further asserts that it was inappropriate for the Magistrate Judge to rely on unauthenticated evidence, such as social media posts attributed to Plaintiff, to support a pre-filing injunction Plaintiff. ECF No. 57 at 7. First, Plaintiff has not disputed the authenticity of the social media posts. Second, and more importantly, independent of any social media posts, Plaintiff's frivolous litigation conduct in this case and the First Action, as outlined in the R&R, justify a pre-filing injunction. This argument, therefore, is not persuasive.

* * *

The Court has now addressed the arguments in Plaintiff's objections. In doing so, the Court has also addressed the substance of the remaining arguments in Plaintiff's Motion for Reconsideration, which adds little gloss on Plaintiff's objections.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration, ECF No. 59.

**IT IS FURTHER ORDERED** that Plaintiff's request to extend Plaintiff's time to object to the R&Rs by one day is **GRANTED.**

**IT IS FURTHER ORDERED** that the orders at ECF Nos. 55 and 56 are **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to transfer, located in its objections, ECF No. 57, is **DENIED**.

**IT IS FURTHER ORDERED** that the R&Rs of United States Magistrate Judge Jeffrey C. Manske, ECF Nos. 51 and 53, are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Complaint (ECF No. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) in accordance with the R&R (ECF No. 51).

**IT IS FURTHER ORDERED** that Plaintiffs Motion to Amend (ECF No. 15) and Plaintiffs Motion for Leave to Supplement Original Complaint (ECF No. 31) are both **DENIED** as futile in accordance with the R&R (ECF No. 53).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, in accordance with the R&Rs (ECF Nos. 51 and 53), a pre-filing injunction is imposed both in this case and in any future cases filed by Plaintiff in the Waco Division of the Western District. Plaintiff must therefore obtain written leave of Court before filing further pleadings in this Division.

SIGNED this 28th day of October, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE